Ludeling, C. J.
The plaintiff sues the defendants for the sum of $3100, in solido. The suit was commenced by attachments against both defendants.
It appears from the record that Cannon and Bell contracted with the government of the United States to carry the mails between New Orleans and Vicksburg twice a week for $5000 per quarter. Subsequently, they agreed that Thomas P. Leathers should take the place of Bell, carrying the mails once a week and receiving half the contract price. The contract money seems to have been collected through the banks and remitted to the firm of Kennett & Bell, of which Jesse K. Bell was then a member. Cannon never received any more of the money than his share, under the contract. It is manifest, therefore, *523 that under the facts above stated, Cannon is not liable to the plaintiff, and the demand against him should be rejected, with costs.
As to Bell, his liability is not disputed; the controversy is as to the amount due.
The evidence satisfies us that the account or statement rendered by the defendant Bell is correct, except as to the fifty-seven commissions. There was no agreement to pay commissions. C. C. 2991. These commissions retained on previous collections amount to $375, which, added to $2419 91, make $2794 91; for which there should be judgment against Jesse K. Bell.
The appellee has asked us to amend the judgment dissolving the attachment as to Jesse K. Bell, and we are of opinion that the judgment should be so amended. The proof is, that Jesse K. Bell leased his dwelling house and furniture, and declaring that it was his intention to be absent from the State for two years or longer, traveling for pleasure and health, he left the State without leaving any agent upon whom citation could be served. Shortly after he left, this suit was brought. At that time it would have been impossible to bring him him into court except through his property; and, we think, under the circumstances the attachment was properly issued. The fact that he did not absent himself so long as he expected, did not affect the attachment previously issued.
It is therefore ordered and adjudged that the judgment of the lower court be set aside, and that there be judgment in favor of the plaintiff against Jesse K. Bell for $2794 91, with legal interest from judicial demand, and a lien and privilege on the property of Bell attached and costs in the lower court; and that there be judgment in favor of John W. Cannon against Thomas P. Leathers, rejecting his demand with costs. The costs of appeal to be paid by the appellee.